# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SANTANDER CONSUMER USA INC.,<br><br>               Plaintiff,<br>    v.<br><br>DRIVE.CAR LLC and CARRIGAN GRISBY,<br><br>               Defendants. | Case No. 3:23-cv-00288-SLG |

### ORDER RE MOTION TO STRIKE OR FOR ALTERNATIVE RELIEF

Before the Court at Docket 25 is Plaintiff Santander Consumer USA's ("Santander") Motion to Stike Defendants' Reply in Support of Its Motion to Dismiss or, in the Alternative, For Leave to File a Sur-Reply and Request For Judicial Notice. Defendants Drive.Car LLC and Carrigan Grisby did not respond. Oral argument was not requested on this motion and was not necessary to the Court's decision.

This is a suit under the Lanham Act for trademark infringement and related Alaska state law claims.[1] At Docket 12, Defendants moved to dismiss for lack of standing and for failure to state a claim. In their Reply to Plaintiff's Opposition to the Motion to Dismiss, Defendants contend for the first time that Plaintiffs failed to show ownership of the disputed mark, "a first and necessary element of a

---
[1] Docket 1.

trademark infringement suit."[2]

Santander asks for this ownership argument to be stricken because it was first raised in Defendants' Reply.[3] Alternatively, it asks for leave to file a sur-reply to address it and/or for the Court to take judicial notice of lodged records.[4]

The Court declines to strike the additional argument regarding ownership of the disputed mark. Rather, the Court grants Plaintiff's alternative request for leave to file the sur-reply at Docket 25-1, which will be treated as having been duly filed.

The Court further grants the request for judicial notice at Docket 25-2. A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[5] The "[r]ecords and reports of administrative bodies," including U.S. Patent and Trademark Office records, are proper subjects for judicial notice.[6] Accordingly, the Court will take judicial notice of the two U.S.

---

[2] Docket 23 at 3–5.

[3] Docket 25 at 2–4.

[4] Docket 25 at 2–5.

[5] Fed. R. Evid. 201

[6] *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *see also Dahon N. Am., Inc. v. Hon*, Case No. 2:11-CV-05835-ODW, 2012 WL 1413681, at *8 n.4 (C.D. Cal. Apr. 24, 2012) (taking judicial notice of the trademarks assignment website because it is an "official record memorializing ownership of the [mark], and is published by a government organization—the USPTO"); *Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, Case No. 08-04397, 2008 WL 6742224, at *2 n.1 (N.D. Cal. Dec. 18, 2008) (taking judicial notice of trademark registrations and applications publicly available on USPTO website).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. Drive.Car LLC et al.*
Order re Motion to Strike or for Alternative Relief
Page 2 of 3
Case 3:23-cv-00288-SLG   Document 30   Filed 08/20/24   Page 2 of 3

Patent and Trademark Office database records.[7]

DATED this 20th day of August, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] Docket 25-2 at 4–13.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. Drive.Car LLC et al.*
Order re Motion to Strike or for Alternative Relief
Page 3 of 3
Case 3:23-cv-00288-SLG   Document 30   Filed 08/20/24   Page 3 of 3