# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SANTANDER CONSUMER USA INC., | |
| Plaintiff, | |
| v. | |
| DRIVE.CAR LLC and CARRIGAN GRIGSBY, | Case No. 3:23-cv-00288-SLG |
| Defendants. | |

## <u>ORDER ON MOTION TO DISMISS</u>

Before the Court at Docket 12 is Defendants drive.car LLC and Carrigan Grigsby's Motion to Dismiss Complaint Under FRCP 12(b)(1) and 12(b)(6). Plaintiff Santander Consumer USA ("Santander") responded in opposition at Docket 22 and Defendants replied at Docket 23. At Docket 30, the Court also accepted Plaintiff's Sur-Reply as lodged at Docket 25-1. The Court heard oral argument on September 16, 2024.[1]

## BACKGROUND

This is an action for trademark infringement and unfair and deceptive trade practices under the federal Lanham Act and Alaska state law.[2] Plaintiff Santander is an Illinois corporation that offers financial services, including services related to

---

[1] Docket 35.

[2] Docket 1 at ¶ 1.

automobile loans.[3]    Santander alleges that it owns two trademarks—U.S. Trademark Registration No. 3081262, DRIVE and U.S. Trademark Registration No. 3081414, DRIVE FINANCIAL SERVICES.[4] These two marks (collectively "the Drive Marks") relate to "[f]inancial services, namely, originating loans, purchasing loans, and servicing auto loans."[5]  Santander further alleges that it has invested significantly in marketing the Drive Marks in the United States, including by developing a website that allows consumers to shop for automobiles and pre-qualify for loans, by advertising financial services through social media, and by actively policing the market for its competitors' use of the Drive Marks.[6]

Defendant drive.car LLC is an Alaska limited liability company that provides automobile financing and sales online at drive.car and at a brick-and-mortar location in Anchorage.[7]  Defendant Carrigan Grigsby is a managing member of drive.car LLC.[8]

Santander asserts that Defendants offer products and services through drive.car and their physical location in Anchorage that "are identical or closely related to the products and services offered by [Santander] under the Drive

---

[3] Docket 1 at ¶ 7.

[4] Docket 1 at ¶ 11.

[5] Docket 1 at ¶ 11; *see also* Docket 1-1 at 1–2.

[6] Docket 1 at ¶¶ 13–15.

[7] Docket 1 at ¶¶ 8, 16.

[8] Docket 1 at ¶ 9.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 2 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 2 of 22

Marks."[9]    Santander also asserts that "the channels of trade through which Defendants have advertised and offered their products and services in the United States under the Infringing Mark are identical to the channels through which Plaintiff advertises and offers its products and services under the Drive Marks."[10] Ultimately, Santander alleges that "Defendants' use of marks that are identical or nearly identical in connection with the promotion, supplying, offering of goods and services similar to Plaintiff, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and the industry."[11]   Santander alleges that, in an effort to address Defendants' conduct, it sent drive.car a cease-and-desist letter on August 16, 2023, and that, on that same day, Mr. Grigsby responded by phone, identified himself as a managing member of drive.car, and refused to cease the allegedly infringing conduct.[12]

Based on these allegations, Santander's Complaint asserts claims for trademark infringement pursuant to 15 U.S.C. § 1114, false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a), and violations of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA"), AS

---

[9] Docket 1 at ¶ 21.

[10] Docket 1 at ¶ 22.

[11] Docket 1 at ¶ 27.

[12] Docket 1 at ¶¶ 19–20.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 3 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 3 of 22

45.50.471 *et seq.*[13]  Defendants move to dismiss Santander's complaint for lack of subject matter jurisdiction and for failure to state a claim.[14]

This Court has jurisdiction pursuant to 28 U.S.C § 1331 and exercises supplemental jurisdiction over Santander's state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARDS

### I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A lack of subject matter jurisdiction necessitates dismissal under Federal Rule of Civil Procedure 12(b)(1).   The U.S. Constitution's Article III case or controversy requirement limits the subject matter jurisdiction of federal courts by requiring standing, among other things.[15]   In other words, "[a] suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction."[16]

### II.    Motion to Dismiss for Failure to State a Claim

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted."   "To

---

[13] Docket 1 at ¶¶ 28–45.

[14] Docket 12.

[15] *See e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *In re East Coast Foods, Inc.*, 80 F.4th 901, 905–06 (9th Cir. 2023); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010).

[16] *In re East Coast Foods, Inc.*, 80 F.4th at 905–06 (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 4 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 4 of 22

survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[18]

## DISCUSSION

Defendants move to dismiss Santander's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) because Santander's Complaint does not adequately allege it has standing.[19] Further, Defendants assert dismissal is required under Rule 12(b)(6) as the Complaint does not plead facts to support Santander's claims for equitable relief or infringement, does not meet the heightened pleading standard of Rule 9(b), and does not allege a theory of personal liability as to Mr. Grigsby.[20] Defendants also seek to strike ¶ 20 of Santander's Complaint.[21]

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[19] Docket 12 at 13–15.

[20] Docket 12 at 15–22.

[21] Docket 12 at 20–21.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 5 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 5 of 22

## I. Santander Has Article III Standing

First, Defendants assert that Santander has not demonstrated Article III standing because it has only made generic allegations of harm and thus does not show injury or causation.[22] Defendants liken this case to *Native American Arts, Inc. v. Specialty Merchandise Corp.*, in which a federal district court dismissed claims under the Indian Arts and Crafts Act because the plaintiff had only made "conclusory allegations that referred to 'competitive injury,' 'advertising injury,' and 'other damages.'"[23]

Santander responds that it has adequately alleged injury in fact caused by Defendants' acts because its Complaint specifically discusses Santander's interest in the Drive Marks, its efforts to market the marks, and Defendants' use of the marks as likely to cause confusion, particularly as it has alleged that Defendants compete in the same field as Santander: financial services related to auto loans.[24] Further, it distinguishes between Article III and statutory standing and contends that the requirements for both are met.[25]

Article III of the Constitution confines the jurisdiction of the federal courts "to 'cases' and 'controversies.'"[26] Federal courts enforce this jurisdictional limitation

---

[22] Docket 12 at 13–15.

[23] Docket 12 at 13–14 (citing 451 F. Supp. 2d 1080, 1082 (C.D. Cal. 2006)).

[24] Docket 22 at 10–11.

[25] Docket 22 at 13–16.

[26] *Wash. Env't Council v. Bellon*, 732 F.3d 1131, 1138 (9th Cir. 2013) (quoting U.S. Const. art. III,

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 6 of 22

through the doctrine of standing.[27]  Plaintiffs bear the burden of demonstrating the "irreducible constitutional minimum of standing," which consists of three elements.[28]  A plaintiff must show (1) an injury in fact, meaning an "invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) causation; and (3) redressability, meaning that "the injury will likely be redressed by a favorable decision."[29]  The plaintiff "must demonstrate standing separately for each form of relief sought."[30]

Santander has adequately alleged an injury in fact that supports standing. Santander's Complaint specifies that it has invested significant time and money to "build goodwill in and brand recognition of the Drive Marks" in the automobile loan financing market, including by developing an interactive website at which users can pre-qualify for loans using an online tool.[31]  Further, the Complaint asserts that "Defendants are using the Drive Marks in connection with auto financing and sales on its website at <drive.car> and in a brick and-mortar location," including by providing an online tool that allows website visitors to complete loan applications

_____

§ 2).

[27] *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006).

[28] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

[29] *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013) (citing *Lujan*, 504 U.S. at 560–61).

[30] *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

[31] Docket 1 at ¶¶ 12–13.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 7 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 7 of 22

and estimate loan payments.[32] Ultimately, Santander alleges that, by using the Drive Marks in identical channels of trade and promoting identical or similar services, Defendants are "likely to cause, and ha[ve] caused confusion, mistake, and deception by and among consumers and the industry. . . ."[33] These allegations are not conclusory. Nor are they "insufficient on their face to invoke federal jurisdiction."[34] Rather, they allege how Defendants have used the Drive Marks and how this use is likely to cause confusion. And courts in this circuit routinely have found that allegations that use of a mark is likely to cause confusion, mistake, or deception is sufficient to establish injury in fact.[35]

Defendants suggest that the Complaint in this matter is like that in *Native American Arts, Inc. v. Specialty Merchandise Corp.*, in which the plaintiff made only conclusory allegations of "competitive injury," "advertising injury," and "other damages" in an action pursuant to the Indian Arts and Crafts Enforcement Act.[36] There, although the plaintiff argued in its opposition to the motion to dismiss that it suffered injuries because it lost sales, the defendants' imitation products had driven prices down, and it lost goodwill and reputation, which "could be sufficient

---

[32] Docket 1 at ¶¶ 16–18.

[33] Docket 1 at ¶¶ 22–27.

[34] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[35] *See, e.g., 6th St. Partners, LLC v. Board*, Case No. CV 21-06595-RSWL-JPRx, 2021 WL 8445826, at *3 (C.D. Cal. Dec. 3, 2021); *Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*, Case No. 2:18-cv03047-ODW (SKx), 2019 WL 134521, at *4 (C.D. Cal. Jan. 8, 2019).

[36] 451 F. Supp. 2d at 1082.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 8 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 8 of 22

to meet the injury-in-fact requirement," these injuries were not properly alleged in the complaint.[37] Rather, "[i]nstead of making these factual allegations, plaintiff ma[de] conclusory allegations that refer to 'competitive injury,' 'advertising injury,' and 'other damages.'"[38] As discussed, Santander's allegations in its Complaint are factual. Santander alleges that it invested in building brand recognition and goodwill and that, by using the Drive Marks in the same channel of commerce, Defendants caused confusion with respect to their brand.[39]

The second element of standing—causation or traceability—is also met. The Complaint is clear that Santander's alleged injury—consumer confusion related to the Drive Marks—is traceable to Defendants' use of identical marks in the same channels of trade. As discussed, Santander alleges that Defendants have used marks identical to the Drive Marks in the same channels of trade and that this use has caused, and will likely cause, confusion.[40]

## II. The Complaint Adequately Pleads Facts to Support Santander's Claim for Equitable Relief

Further, Defendants contend that Santander's Complaint does not support its claim for injunctive relief because it does not contain allegations that suggest

---

[37] *Id.*

[38] *Id.*

[39] Docket 1 at ¶¶ 12–18, 22–27.

[40] Docket 1 at ¶¶ 21–27.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 9 of 22

legal remedies are inadequate.[41]  Defendants point out that the Complaint mentions irreparable harm only once and in passing before reciting its three causes of action.[42]  Santander maintains that Defendants' alleged continued use of the Drive Marks after Santander informed them of their improper use is sufficient to permit a claim for injunctive relief.[43]  Additionally, Santander asserts that Defendants' continued use of its marks harms its goodwill and reputation.[44]

"In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy."[45]  At the motion to dismiss stage, a court tests whether a complaint seeking equitable relief pleads "'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law.'"[46]

Santander has adequately pleaded facts to supports its request for equitable relief.  Generally, "[i]n cases of trademark infringement, '[i]njury to the trademark owner's reputation and good will as well as to consumer expectations is difficult, if

---

[41] Docket 12 at 15–16.

[42] Docket 12 at 15.

[43] Docket 22 at 16 (citing *La Condesa Cafe, Inc. v. La Santisima Nightclub, LLC*, Case No. 2:21-cv-1607-SMM, at *8 (D. Ariz. July 15, 2022)) (filed at Docket 22-1).

[44] Docket 22 at 17.

[45] *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, 143 S. Ct. 2612 (2023) (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843–44 (9th Cir. 2020)).

[46] *Sonner*, 971 F.3d at 844 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (concluding that a plaintiff failed to establish she lacked an adequate remedy at law after she dismissed a damages claim but continued to seek equitable restitution)).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 10 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 10 of 22

not impossible, to adequately compensate for after the fact'" such that remedies at law are inadequate.[47]  The risk of such an injury is amply alleged in this case. Santander asserts that it has invested significant resources in building goodwill and brand recognition of the Drive Marks and that "Defendants' use of marks that are identical or nearly identical in connection with the promotion, supplying, offering of goods and services similar to Plaintiff, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and the industry, causing immediate and continuing irreparable harm to Plaintiff. . . ."[48] While money damages for Defendants' allegedly infringing conduct may be an adequate remedy for its past conduct, Santander has also alleged "[o]n information and belief, Defendants intend to continue their infringing acts, and will continue to infringe the Drive Marks unless restrained," causing Santander irreparable harm.[49] Santander's Complaint thus supports a request for equitable relief because it adequately alleges that Defendants intend to continue infringing in the absence of a permanent injunction.[50]

---

[47] *Ochoa v. Lopez*, Case No. 8:21-cv-00983-JVS-JPRx, 2022 WL 17834345, at *2 (C.D. Cal. Dec. 21, 2022) (second alteration in original) (quoting *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1292 (S.D. Cal. 2020)); *see also Century 21 Real Est. Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988) ("Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement.").

[48] Docket 1 at ¶¶ 12, 13, 27.

[49] Docket 1 at ¶¶ 34, 35.

[50] *See also* Docket 1 at ¶ 20 (alleging that Mr. Grigsby advised Santander that Defendants would not cease and desist from their allegedly infringing use of the Drive Marks).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 11 of 22

## III.    The Complaint Adequately Pleads Infringement

Defendants next assert that the Complaint does not specify what acts infringe which of the two trademarks.[51]  They insist that they "have no idea if its website is accused of infringing the DRIVE mark, the DRIVE FINANCIAL mark, or both" and "have no idea if its brick-and-mortar location is accused of infringing the DRIVE mark, the DRIVE FINANCIAL mark, or both."[52]  Santander responds that its Complaint adequately alleges that Defendants used both marks on their website and at their brick-and-mortar location.[53]

As discussed, Santander has alleged that it owns two marks for "[f]inancial services, namely, originating loans, purchasing loans, and servicing auto loans": DRIVE FINANCIAL SERVICES and DRIVE.[54]  Despite Defendants' protestations that the Complaint fails to articulate which acts infringe which marks, the Complaint is clear.  Santander alleges that the use of the business name "drive.car" on Defendants' website and at their brick-and-mortar location to market and sell auto financing services infringes both marks.[55]

---

[51] Docket 12 at 16–18.

[52] Docket 12 at 18.

[53] Docket 22 at 17–19.

[54] Docket 1-1 at 1–2.

[55] Docket 1 at ¶¶ 16–18.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 12 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 12 of 22

Defendants' reliance on *Lilly v. Santander Consumer USA Inc.* is misplaced.[56] There, the trial court dismissed a false designation of origin claim because the plaintiff made only "conclusory allegations that Defendant EFG has used the Registered Mark in way that would cause consumer confusion as to the origin of goods being sold under the Registered Mark."[57] "There [were] no allegations that EFG used the mark in connection with the sale or advertisement of its own marketing materials. The goods sold under the mark, therefore, [were] not similar."[58] The goods were "not sold to the same customers or in the same trade channels; and the target audiences of the goods being sold under the mark [were] not the same."[59] In contrast, here, Santander's Complaint alleges that Defendants are using their marks in the same channels of trade and to target the same audiences.[60]

## IV. Santander Need Not Meet Rule 9(b)'s Heightened Pleading Standard

Next, Defendants maintain that Santander's Lanham Act and Alaska Unfair Trade Practices and Consumer Protection Act claims must be dismissed because they are not alleged with particularity and therefore fail to satisfy Federal Rule of

---

[56] Case No. 19-61069-CIV, 2020 WL 13879769, at *5 (S.D. Fla. Feb. 11, 2020).

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] Docket 1 at ¶¶ 21–23.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 13 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 13 of 22

Civil Procedure 9(b).[61]  Santander responds that Rule 9(b)'s heightened pleading standard does not apply to any of its claims because they do not allege fraud.[62]  It also maintains that Rule 9(b) does not apply to Lanham Act trademark infringement and false designation of origin claims and underscores that the cases that Defendants rely on are specific to Lanham Act false advertising claims.[63]

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b) "applies where a claim is 'grounded in fraud' or 'sound[s] in fraud.'"[64]  Under Rule 9(b), "allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"[65]  "Rule 9(b) applies when (1) a complaint specifically alleges fraud as an essential element of a claim, (2) when the claim 'sounds in fraud' by alleging that the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential

---

[61] Docket 12 at 19–20.

[62] Docket 22 at 19–20.

[63] Docket 22 at 20–22 (citations omitted).

[64] *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (alteration in original) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

[65] *Id.* (citations omitted) ("The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity.").

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 14 of 22

element, and (3) to any allegations of fraudulent conduct, even when none of the claims in the complaint 'sound in fraud.'"[66]

In the Ninth Circuit, "the weight of authority" indicates "that Rule 9(b) applies to Lanham Act claims that are grounded in fraud."[67] However, "[t]he Ninth Circuit has never established that 9(b) applies to trademark infringement claims" and district courts in the circuit have seldom applied this heightened standard to trademark infringement claims.[68] Similarly, "the Ninth Circuit 'has not established that Rule 9(b) applies to false designation of origin' claims" arising under the Lanham Act.[69] And yet, "in contrast to the trademark infringement claim discussed above, there is an abundance of relevant and persuasive case law standing for the proposition that Rule 9(b) should be applied to [false designation of origin] claims when they are 'grounded in fraud.'"[70] Claims under the Alaska UTPA are analyzed in the same way.[71]

---

[66] *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089–90 (C.D. Cal. 2009) (quoting *Vess*, 317 F.3d at 1102–06).

[67] *Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal. 2017); *see also ARF Dashnaktsutyun, W. U.S.A. v. Armenian Revolutionary Fed'n WUSA, Inc.*, Case No. 2:21-cv-055940-FWS (RAOx), 2023 WL 4155366, at *7 (C.D. Cal. May 26, 2023)

[68] *Julian Bakery, Inc. v. Healthsource Int'l, Inc.*, Case No. 16-cv-2594-JAH (KSC), 2018 WL 1524499, at *3 (S.D. Cal. Mar. 28, 2018) (finding only one case where the 9(b) standard was applied to a trademark infringement claim).

[69] *Cloud 9 Comics LLC v. Cloud 9 Comics & More LLC*, Case No. 3:21-cv-00173-YY, 2021 WL 6066666, at *3 (D. Or. Oct. 6, 2021), *report and recommendation adopted*, Case No. 3:21-cv-173-YY, 2021 WL 5530943 (D. Or. Nov. 24, 2021) (quoting *Pac. Office Automation, Inc. v. Tracy*, Case No. 3:17-cv-01484-HZ, 2018 WL 847245, at *2 (D. Or. Feb. 10, 2018)).

[70] *Julian Bakery*, 2018 WL 1524499, at *4 (collecting cases).

[71] *Van v. LLR, Inc.*, 500 F. Supp. 3d 927, 935 (D. Alaska 2020); *see also Vernon v. Qwest*

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 15 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 15 of 22

Santander's trademark infringement, false designation of origin, and UTPA claims do not sound in fraud and are not grounded in fraud. None of the three claims includes fraud as an essential element[72] and the Complaint does not allege that Defendants engaged in fraudulent conduct. Santander's allegations are straightforward: They own the Drive Marks and Defendants are using identical marks to market services on auto loan financing services—the same services Santander offers. Rule 9(b) does not apply because Santander "does not rely on allegations of fraud or misrepresentation, but rather allegations of unauthorized use of [the plaintiff's] mark and a likelihood of customer confusion."[73]

This is consistent with other cases in this circuit. Courts have not applied Rule 9(b) in cases in which the plaintiff's complaint alleged trademark infringement and false designation of origin based on allegations that a defendant used a mark

---

*Commc'ns Int'l, Inc.*, 643 F. Supp. 2d 1256, 1265 (W.D. Wash. 2009) (Rule 9(b) does not apply to a consumer protection act case where fraud is not alleged); *In re Mattel, Inc.,* 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008) (allegations that the representations were likely to deceive, absent allegations of common law fraud elements such as intent to deceive or any overarching fraudulent scheme did not need to be pleaded with particularity).

[72] *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) (trademark infringement under the Lanham Act requires a plaintiff "prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion"); *Melwani v. Amazon.com, Inc.*, Case No. C21-1329RSM, 2022 WL 3683807, at *3 (W.D. Wash. Aug. 25, 2022) (explaining that the elements of a claim for false designation of origin are the same as those for trademark infringement); *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007) ("[A] prima facie case of unfair or deceptive acts or practices under the UTPA requires proof of two elements: (1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred." (internal quotation marks and citation omitted)).

[73] *Rolex Watch U.S.A., Inc. v. Agarwal*, Case No. CV-12-06400 MMM (MRWx), 2012 WL 12886444, at *5 (C.D. Cal. Dec. 17, 2012).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 16 of 22

Case 3:23-cv-00288-SLG     Document 36     Filed 11/25/24     Page 16 of 22

without authorization and in a manner that was likely to cause confusion.[74]  By contrast, courts in this circuit have applied Rule 9(b) to Lanham Act claims when they rest on allegations that a defendant affirmatively misled customers.[75]

## V.     Santander Adequately Alleges a Theory of Personal Liability Against Mr. Grigsby

Defendants next assert that Santander's Complaint does not allege that Mr. Grigsby personally committed any tortious actions and thus lacks allegations supporting a theory of his personal liability.[76]  In particular, Defendants argue that Santander did not adequately raise the issue of piercing the corporate veil.[77]  Santander responds that corporate officers may be held liable for trademark infringement without piercing the corporate veil.[78]  And Santander asserts that its Complaint sufficiently pleads facts that satisfy the correct standard for individual

---

[74] *E.g.*, *Cloud 9 Comics LLC*, 2021 WL 6066666, at *4–5 (declining to apply Rule 9(b) to trademark infringement and false designation of origin claims based on allegations of unauthorized use and likelihood of confusion); *Rolex Watch U.S.A., Inc.*, 2012 WL 12886444, at *5 ("Because Rolex's [false designation of origin] claim does not rely on allegations of fraud or misrepresentation, but rather allegations of unauthorized use of Rolex's trademarks and a likelihood of customer confusion, the court finds that Rule 9(b)'s heightened pleading standard does not apply.").

[75] *Julian Bakery*, 2018 WL 1524499, at *4 (applying Rule 9(b) to a false designation of origin claim where the plaintiff alleged that the defendant's CEO sold a product identical to the plaintiff's and "misleadingly told" the customer the product in question was made by the defendant); *Pac. Office Automation*, 2018 WL 847245, at *2–3 (applying Rule 9(b) to claims based on allegations "that Defendants have mislead customers into believing that they have business connections that do not exist").

[76] Docket 12 at 21–22.

[77] Docket 12 at 22.

[78] Docket 22 at 25 (citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996)).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 17 of 22

Case 3:23-cv-00288-SLG     Document 36     Filed 11/25/24     Page 17 of 22

liability for trademark infringement, namely that Mr. Grigsby identified himself as a managing member of drive.car LLC and advised Santander that the company would not cease and desist use consistent with Santander's request.[79]

"A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf."[80] Accordingly, district courts within the Ninth Circuit have held that "[c]orporate officers are "personally liable for a corporation's trademark infringements when they are a moving, active conscious force behind the corporation's infringement."[81] Piercing the corporate veil is unnecessary when personal liability is alleged under this theory.

Santander adequately alleges that Mr. Grigsby is a "moving, active conscious force" behind Defendants' alleged infringement. In its Complaint,

---

[79] Docket 22 at 26.

[80] *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (internal quotations and citations omitted).

[81] *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1106 (S.D. Cal. 2018) (internal alterations and citations omitted); *see also Talent Mobile Dev., Inc. v. Headios Grp.*, 382 F. Supp. 3d 953, 962 (C.D. Cal. 2019), *aff'd*, 805 F. App'x 506 (9th Cir. 2020); *Novell, Inc. v. Unicom Sales, Inc.*, Case No. C-03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004)); *Hewlett-Packard Co. v. Repeat-O-Type Stencil Mfg. Corp.*, Case No. C-92-3330 DLJ, 1995 WL 552168, at *6 (N.D. Cal. Aug. 30, 1995) ("If an individual actively and knowingly caused the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." (internal citation and quotations omitted)).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 18 of 22

Case 3:23-cv-00288-SLG     Document 36     Filed 11/25/24     Page 18 of 22

Santander asserts that Mr. Grigsby is a "Managing Member" of drive.car LLC.[82] Moreover, it alleges that it contacted drive.car to demand that Defendants cease-and-desist from using the Drive marks and that Mr. Grigsby responded by refusing to do so.[83] Based on these allegations, the Court can properly infer that Mr. Grigsby exercises some control over drive.car LLC and, at least with respect to the allegedly infringing actions that continued after the cease-and-desist letter, Mr. Grigsby was an active, conscious force.

## VI.    The Court Declines to Strike ¶ 20 of the Complaint

Defendants request that the Court strike Paragraph 20 of Santander's Complaint, arguing that the paragraph improperly discloses the content of settlement discussions.[84] Santander opposes this request, arguing that the allegation in paragraph 20 is relevant as it shows that Defendants were on notice of Santander's concerns over their alleged use of the Drive Marks.[85] Moreover, Santander disputes that the communications alleged in paragraph 20 were part of an attempt to settle.[86]

---

[82] Docket 1 at ¶ 9.

[83] Docket 1 at ¶¶ 19–20.

[84] Docket 12 at 20–21.

[85] Docket 22 at 24.

[86] Docket 22 at 24–25.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 19 of 22

Case 3:23-cv-00288-SLG    Document 36    Filed 11/25/24    Page 19 of 22

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is to avoid unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial.[87] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief . . . ."[88] "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."[89] "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties."[90]

The Court will not strike ¶ 20 of the Complaint as it does not contain the content of settlement discussions. Federal Rule of Evidence 408 provides that compromise offers as well as the conduct and statements made during compromise negotiations are inadmissible "to prove or disprove the validity or amount of a disputed claim or impeach by a prior inconsistent statement or a contradiction." Santander's cease-and-desist letter and Mr. Grigsby's response

---

[87] *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[88] *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed.)).

[89] *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed.)).

[90] *Tran v. Smith*, Case No. 1:19-cv-00148-DAD-SAB (PC), 2021 WL 2142622, at *2 (E.D. Cal. May 26, 2021).

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 20 of 22

Case 3:23-cv-00288-SLG     Document 36     Filed 11/25/24     Page 20 of 22

are not compromise offers or negotiations as they do not offer any compromise or reference potential settlement.[91]  Rather, they are a demand and a refusal to accede to that demand.  Therefore, the Court declines to strike ¶ 20.

## VII.  Santander Has Shown Ownership of the Drive Marks

In their Reply, Defendants assert that an attachment to Santander's Complaint shows that it does not own the Drive Marks.[92]  In its Sur-Reply, Santander maintains that its Complaint shows its ownership of the Drive Marks, as it identifies them by their federal registration number and that the U.S. Patent and Trademark Office lists it as the current owner of the marks after a transfer in 2012.[93]  In the alternative, Santander asserts it has common law ownership of the marks.[94]

In its Order re Motion to Strike or for Alternative Relief, the Court took judicial notice of two U.S. Patent and Trademark Office database records at Docket 25-2.[95]  These records relate to U.S. Trademark Registration Nos. 3081262 and

---

[91] *See Sunstar, Inc. v. Alberto-Culver Co.*, Case No. 01 C 0736, 2004 WL 1899927, at *22 (N.D. Ill. Aug. 23, 2004) (cease-and-desist demands not settlement offers for purposes of Rule 408); *cf. Winchester Packaging, Inc. v. Mobil Chem. Co.*, 14 F.3d 316, 319 (7th Cir. 1994) ("[A] bill that itemizes what the sender thinks the recipient owes him and demands—even under threat of legal action—payment is not an offer in settlement or a document in settlement negotiations and hence is not excludable by force of Rule 408.").

[92] Docket 23 at 3–5.

[93] Docket 25-1 at 2–3.

[94] Docket 25-1 at 4.

[95] Docket 30 at 1–3.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 21 of 22

3081414.   The first identifies that Santander as the current owner of the mark "DRIVE" and the second identifies that Santander as the current owner of the mark "DRIVE FINANCIAL SERVICES."   Defendants' assertion that Santander does not own the Drive Marks and thus cannot establish injury in fact for purposes of Article III standing is a "factual attack" on this Court's subject matter jurisdiction.   When resolving a factual attack on jurisdiction, a court may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."[96] Having taken judicial notice of the U.S. Patent and Trademark Office's database records demonstrating Santander's ownership of the Drive Marks, the Court concludes that it has subject matter jurisdiction and dismissal on this basis is not warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss at Docket 12 is DENIED.   Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file an Answer **within 14 days of this order**.

DATED this 25th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[96] *Safe Air for Everyone*, 373 F.3d at 1039.

Case No. 3:23-cv-00288-SLG, *Santander Consumer USA v. drive.car LLC, et al.*
Order on Motion to Dismiss
Page 22 of 22